GIBLIN, Associate Justice.
' The question we are called on to decide' in this litigation is whether the factual allegations of the appellant’s amended bill (which was dismissed by the court below on the appellees’ motions) show that the appellee board, in selling to the appellee trucking company a tract of land (which was not to be used for school purposes), deviated from the governing statutory requirements or was guilty of fraud or bad faith or of a gross or palpable abuse of discretion.
It is conceded that the applicable statutes, F.S.A. §§ 230.23(4) and 235.04, F. S.A., impose no obligation on the board to solicit or invite competitive bidding or to offer property for sale at public auction. The board is empowered to dispose of unneeded property “as it sees best.” Its duty, however, is to “diligently attempt to do so on advantageous terms” and “to the best interests of- education.”
Prior to the board’s meeting of March 25, 1953, the appellant and four or five *63 other parties had manifested an interest in the property as prospective purchasers. In January, 1953, the appellant’s attorney had asked the board’s attorney for advice “as to the manner and method by which he should go about purchasing” the property for his client. The board’s attorney suggested that a letter be addressed to the board’s business manager.
On January 23, 1953, the appellant’s attorney wrote the business manager, stating that he had been advised that “if I contacted you by letter you would contact me when the school board is ready to sell this tract of land.” In the letter the attorney asked for “details as to the size of this tract, general location and any other information you can give me at this time.”
On January 29, 1953, the business manager, in his written reply, specified the size of the tract and its general location and offered, if the attorney should visit his office, to point out on a plat the exact location of the land.
On or about March 23, 1953, an associate of the appellant’s attorney was told, in a telephone conversation, by the business manager that “most probably the sale would be handled by requests for sealed bids” and that the appellant’s attorney “would be informed and notified in time to submit a bid.”
At the board’s meeting of March 25, 1953, the appellee trucking company submitted an offer of $30,000 for the property. The offer was rejected and the trucking company, at the same meeting, increased its offer to $35,000 and an agreement was entered into (after a favorable vote) by which the trucking company was accorded an option to purchase the property for $35,-000; and on April 8, 1953, the land was deeded to the trucking company.
The appellant’s attorney was not notified of the meeting of March 25, 1953, and consequently did not know that at the meeting a sale of the property was to be considered. The board, however, was under no legal obligation to notify him of the meeting or of the matters to be considered at the meeting.
On March 30, 1953, after the option agreement had been executed, the appellant’s attorney submitted to the board in her behalf a written offer to pay $40,000 for the tract. Before the agreement between the board 'and the trucking company was signed no offer had been made by the appellant and, so far as her amended bill discloses, none had been made by any of the other interested parties.
It is not shown that the price paid by the trucking company was less than the fair market value of the land. The most adverse criticism to which the board can be subjected, even if we assume that the correspondence and conversations between its-business manager and the appellant’s attorney were brought to its attention before or at the meeting of March 25, 1953, is that it neglected to probe the possibility that the appellant would pay more than $35,000 for the property.
We think, as did the judge below, that the appellant failed to show, by her amended bill, that the board had been guilty of any violation of law, of any fraud or bad faith, or of any gross or palpable abuse of discretion in effecting the sale to the trucking company.
Predicated on the allegation made in the amended bill that the resolution, pursuant to which the option agreement of March 25, 1953, was executed, had not been spread upon the.minutes of the board before such execution, the appellant advances the contention that the agreement and subsequent sale are invalid. Counsel for the appellant point to the provision of F.S.A. § 230.23(4) F.S.A. that all contracts of the board are “to be based on resolutions previously adopted and spread upon the minutes of the-county board”.
The resolution was adopted previous to the execution of the agreement. We do not construe the quoted provision to-rnean that the resolution must have been spread upon the minutes previous to the execution of the contract authorized by -the-resolution. While it is the duty of the board to spread such a -resolution upon its-minutes, we are of the opinion that the requirements of the statute were substantially met by spreading the resolution upon. *64 the minutes within a reasonable time after its adoption, as was done.
Furthermore, the option agreement has been fully executed, the purchase price of the land has been fully paid and the property has been deeded to the purchaser. In such circumstances it would be not only absurd but unconscionable to invalidate the sale on the asserted technical ground.
The order appealed from is affirmed.
ROBERTS, C. J., and TERRELL, J., concur.
MATHEWS, J., concurs specially.