DOWNEY, Judge.
Appellant Orange County School Board decided to sell a parcel of school board property since it was no longer needed for school purposes. An appraisal made pursuant to the requirements of § 235.04, F.S. 1971 (the statute then applicable), disclosed the value of the property to be $30,000. Thereafter, interest was evidenced in the property by a realtor who bid $30,500 and by the City of Maitland which bid $30,000. Later, appellee wrote to the Orange County Deputy Superintendent of Administration expressing a desire to bid on the property and requesting information regarding the status thereof. The Deputy Superintendent advised appellee that the property was under consideration for sale; that her letter would be placed in the file for consideration; that once the board decided to dispose of the property it would be advertised for sale in the newspaper, and that bids would be received and evaluated. Finally, the deputy advised appellee that “I will inform you of any pending decisions by the board to advertise the parcel for sale so that you will have ample time to prepare a final bid.” The realtor who had bid $30,500 thereafter withdrew his bid. Still later appellee offered to buy the property for $30,500.
At a subsequent regular meeting of the board the sale of the property in question came up for discussion. A recess was tag-en to allow the City of 'Maitland representative to arrive. Upon his arrival the City of Maitland offered to pay $31,000 for the property. By unanimous vote the board accepted the city’s offer and approved a sale to the City of Maitland. Although the *550 school board’s agenda was given to the news media a week in advance of this meeting, and this item was included on said agenda, appellee was given no special notice thereof. However, later in the meeting appellee’s representative appeared and offered to pay $31,500 for the property. The board declined the offer but decided to seek a declaratory decree so that everyone’s rights would be judicially determined.
The school board’s authority to sell surplus property was derived from § 235.04, F.S.1971, which provides:
“The school board may dispose of any school land or property which is by a resolution of such school board determined to be unsuited for school purposes either because of location, condition, or other cause. The school board shall take diligent measures to dispose of school property only on the most advantageous terms by public or private sale. If, in the opinion of the school board, said school land or property to be disposed of is worth over five hundred dollars, then, said school board shall have such property appraised by three qualified appraisers acting as a body and shall not accept a price less than the appraised value placed on such land or property by said appraisers
It is apparent the school board complied with the statute in all respects. The board by resolution determined the property was unsuited for school purposes. The property was duly appraised and sold for more than the appraised value. The only question relative to the board’s compliance vel non arises from the statutory mandate that it take diligent measures to dispose of school property only on the most advantageous terms. That question was adequately answered in a decision of the Supreme Court of Florida in Wurn v. Board of Public Instruction of Duval County, Fla. 1954, 73 So.2d 61.
In the Wurn case appellant advised the school board business manager that he was interested in purchasing a parcel of property which the board proposed to sell. Appellant was advised that “most probably the sale would be handled by requests for sealed bids” and that appellant “would be informed and notified in time to submit a bid.” However, at a subsequent regular meeting of the board an offer of $35,000 was accepted and in due course the property was conveyed to a third party for said sum. Appellant was never notified of the sale nor given an opportunity to bid. Accordingly, appellant sued to set aside the sale. The circuit court dismissed the cause. The Supreme Court affirmed, holding that the board was under no legal obligation to notify appellant of the meeting at which the decision to sell was made. The Court pointed out that at the time of the acceptance of the successful offer there was no higher offer pending (although appellant subsequently offered $40,000 for the property prior to the closing of the sale). Finally, the Court stated:
“The most adverse criticism to which the board can be subjected, even if we assume that the correspondence and conversations between its business manager and the appellant’s attorney were brought to its attention before or at the meeting of March 25, 1953, is that it neglected to probe the possibility that the appellant would pay more than $35,000 for the property.
“We think, as did the judge below, that the appellant failed to show, by her amended bill, that the board had been guilty of any violation of law, of any fraud or bad faith, or of any gross or palpable abuse of discretion in effecting the sale to the trucking company.”
The appellee’s counterclaim in this case does not charge the school board with any fraud or bad faith, or any gross or palpable abuse of discretion. However, the trial court found the board did not act in good *551 faith in the sale of the property and directed the sale be set aside and the property be resold after the submission of sealed bids to the highest bidder. We have read the entire transcript of testimony and are unable to find any support for the finding of bad faith on the part of the board. Thus, in view of the statutory authority conferred on the school board in selling its surplus property and the decision of the Supreme Court of Florida in Wurn v. Board of Public Instruction of Duval County, supra, the judgment appealed from is reversed and the cause is remanded for entry of an appropriate judgment.
JOHNSON, W. CLAYTON, Associate Judge, concurs.
WALDEN, J., dissents with opinion.